## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ZAKARIA ABDULAZIZ, Individually and on behalf of all other similarly situated, | Case No. 2:23-cv-11971 |
| Plaintiff, | Hon. |
| v. | |
| GEORGE ALMALIKY INSURANCE AGENCY INC, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Publ. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§1332(d) and 1453, pursuant to 28 U.S.C. §1332(a), and pursuant to 28 U.S.C. §§1441 and 1446, State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes Case No. 23-008516-NM currently pending in the Third Circuit Court of Wayne County, Michigan to the United States District Court for the Eastern District of Michigan. As grounds for removal, State Farm states as follows:

## I.   <u>STANDARD FOR REMOVAL ALLEGATIONS</u>

1.   A notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained,

"Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)).

## II.   <u>PROCEDURAL HISTORY</u>

2.      On July 5, 2023, Plaintiff Zakaria Abdulaziz ("Plaintiff") filed the original Complaint in the Circuit Court. *See* Ex. 1 (Docket Sheet, Third Circuit Case No. 23-008516-NM). Plaintiff filed the Amended Complaint the same day. *See* Ex. 2 (Summons and Amended Complaint). The Amended Complaint named State Farm as defendant. The Complaint also named George Almaliky Insurance Agency, Inc. ("the Agency"), as a defendant.

3.      Plaintiff sent a copy of the Summons and the Amended Complaint[1] by certified mail to State Farm's corporate registered agent in Michigan on July 5, 2023. This did not constitute valid service on an insurer and corporate entity such as State Farm under Michigan law. *See Walker v. Brooke Corp.*, 2009 WL 1689653, at *3 (E.D. Mich. June 17, 2009) ("sending the summons and a copy of the complaint to the registered agent of the defendant through registered mail….does not comply with [the Michigan Court Rules or the Federal Rules of Civil Procedure]"); MCL

---

[1] State Farm was never served with the original Complaint.

600.1920 ("in all cases in which an insurer is a defendant, service shall *not* be made by leaving a summons and copy of the complaint with a resident agent") (emphasis added).

4.     The Amended Complaint and Summons were the first documents received by State Farm related to this matter and were not actually received by State Farm until July 11, 2023.

5.     The Amended Complaint alleges that Plaintiff has suffered various damages as a result of the supposed fraudulent procurement of an insurance policy by nonparty Abuayah Trucking, LLC. Plaintiff purports to allege one claim for breach of contract, one claim for unjust enrichment, one claim for negligent misrepresentation, and one claim for fraud.

6.     State Farm has not yet filed an answer or other response to the Amended Complaint, but denies its allegations and assertions.

7.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because State Farm has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

8.     As explained further below, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because (1) the amount in controversy exceeds

$75,000, exclusive of interest and costs, (2) and there is complete diversity of citizenship between Plaintiff and the only properly joined defendant, State Farm.

9. In addition, as explained further below, CAFA jurisdiction may well also exist because the action: (1) includes alleged class members whose citizenship is diverse from that of State Farm, the only properly joined defendant; (2) may have at least 100 putative class members; and (3) places an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)–(6).

## III. STATE FARM HAS SATISFIED ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

10. State Farm's removal of the instant action to this Court is timely. Pursuant to 28 U.S.C. § 1446, a removal notice must be filed within thirty days of the receipt of the initial pleading, whether by proper service or otherwise. 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D. Mich. 1995) ("[F]or purposes of removal pursuant to 28 U.S.C. § 1446(b), only upon actual receipt by the defendant … is defendant deemed in receipt of service of process, and only then does the time limit for removal begin to run."). Defendant State Farm received Plaintiff's Complaint on July 11, 2023 (though the complaint and summons were not, in fact, properly served under Michigan or federal law, as explained above). Notwithstanding the defective service, this Notice of Removal is filed within

thirty days of State Farm's actual receipt of Plaintiff's Amended Complaint and Summons.

11. Consistent with the requirements of 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon State Farm with respect to this action, *see* Ex. 2, are attached and filed herewith. A copy of the Civil Cover Sheet for this matter is attached as Exhibit 3 hereto.

12. As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being filed concurrently with the Clerk of the Third Circuit Court for Wayne County, Michigan, and is being served on all counsel of record in this matter.

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER 28. U.S.C. § 1332(a).

13. This matter satisfies the requirements for removal under 28 U.S.C. § 1332 because (1) there is diversity of citizenship between Plaintiff and the only properly joined defendant, State Farm; and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1441(b)(2) (noting that courts should only consider the citizenship of defendants that were "properly joined").

### A. There is Diversity of Citizenship Between Plaintiff and the Only Properly Joined Defendant, State Farm.

14. Plaintiff alleges that he is a citizen and resident of Dearborn, Michigan. Ex. 2, Am. Compl., p. 1 ¶ 1.

15.     Defendant State Farm Mutual Automobile Insurance Company, the only properly joined defendant, is a mutual insurance company incorporated and organized under the laws of the State of Illinois and maintains its principal places of business in the State of Illinois, and therefore is considered a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c).

16.     Plaintiff also names the Agency as a Defendant and alleges that the Agency is a corporation that is organized and incorporated under the laws of Michigan with its principal place of business in Michigan. Ex. 2, Am. Compl., p. 1, ¶ 7.

17.     As explained below, however, State Farm submits that the Agency was improperly joined by Plaintiff in this litigation to defeat diversity jurisdiction. Disregarding the citizenship of the improperly joined defendant, there is diversity of citizenship between Plaintiff and the only remaining defendant, State Farm.

### 1.     Defendant Agency's Citizenship is Irrelevant for Purposes of Removal.

18.     Defendant Agency's citizenship should be disregarded because it was improperly and fraudulently joined to defeat diversity jurisdiction. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907-909 (6th Cir. 1999) (holding lack of diversity does not bar removal based on diversity if plaintiff has fraudulently joined nondiverse party).

19.     Fraudulent joinder does not require proof of fraud. Rather, joinder of a nondiverse defendant is deemed improper and "fraudulent," and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if "the plaintiff has no reasonable basis for a claim against the non-diverse defendant in state court based on the alleged facts." *Id.* at 689 (quoting *Ludwig v. Learjet Inc.,* 830 F. Supp. 995, 998 (E.D. Mich. 1993)); *see also Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) ("Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.").

20.     In short, State Farm, as the removing party, need only demonstrate that Plaintiff's allegations against the non-diverse defendant clearly do not establish any of the asserted claims under state law. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

21.     When ruling on a fraudulent joinder argument, courts "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties. The court may look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *accord Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011).

22.     When it comes to determining whether there is diversity of citizenship, parties fraudulently joined are disregarded. *See Jerome-Duncan, Inc.*, 176 F.3d at 907.

23.     Plaintiff's joinder of the Agency was fraudulent under these standards—and the Agency's citizenship should therefore be disregarded in the removal analysis—because Plaintiff has not asserted any colorable claim against the Agency.

> ### 2.     *Plaintiff Has Not Alleged a Colorable Claim for Breach of Contract Against Defendant Agency.*

24.     Plaintiff's first purported claim is styled as a claim for breach of contract. He alleges that "Defendant State Farm failed to honor its contract," which he further identifies was an insurance policy "taken out by ABUYAH (sic.) TRUCKING LLC." Ex. 2, Am. Compl., ¶¶ 21, 8. Plaintiff alleges the contract of insurance was between State Farm, on the one hand, and Abuayah Trucking LLC, on the other. *Id.* ¶¶ 22, 26-27. Importantly, Plaintiff does not allege that the Agency was a party to the contract and, in fact, it was not. *See* Decl. of George Almaliky, Ex. 4, ¶ 4.

25.     Instead, Plaintiff merely alleges that the Agency is a State Farm insurance agency that "sell[s] policies." Ex. 2, Am. Compl., ¶¶ 7, 21. Because the Agency was not a party to the insurance contract at issue, it cannot be held liable for breach of that contract as a matter of law. *See, e.g.*, *AFSCME Council 25 v. Wayne*

*County*, 292 Mich. App. 68, 80, 811 N.W.2d 4 (2011) ("It goes without saying that a contract cannot bind a nonparty.") (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)).

26.     Furthermore, even if Plaintiff had some arguable basis to bring a claim for breach of contract against the Agency (and he does not), his claim would be untimely. Under Michigan's No-Fault Act, a plaintiff must bring a claim for unpaid PIP benefits within one year of his injury. MCL 500.3145. Plaintiff alleges he sustained injuries in a vehicle collision on March 29, 2021. Ex. 2, Am. Compl., ¶ 21. Yet he did not bring this suit until over two years later. And he additionally fails to plead that he provided any written notice to either the Agency or State Farm within one year of the accident, or that he otherwise filed suit within a year of any unpaid allowable expense. His claim for PIP benefits under the contract is untimely—and therefore not colorable—for this additional reason.

### 3.    *Plaintiff Has Not Alleged a Colorable Claim for Negligent Misrepresentation Against Defendant Agency.*

27.     Plaintiff also purports to bring a claim for negligent misrepresentation against the Agency, alleging that the Agency made negligent misrepresentations to nonparty Abuayah Trucking, Inc. Ex. 2, Am. Compl., ¶ 35. Those allegations are wholly inadequate. The elements of negligent misrepresentation under Michigan law are: (1) a material misrepresentation by the defendant; (2) the representation was unintentionally false; (3) the representation is made in connection with the contract's

-9-

formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010).

28.     Plaintiff does not allege that he had ***any*** contacts with the Agency at any time prior to commencement of Plaintiff's collective state court actions, let alone that any of the supposed negligent misrepresentations were made to Plaintiff or that he reasonably relied on them. And Plaintiff also does not allege that there was privity of contract between Plaintiff and the Agency. The reason these allegations are missing from Plaintiff's Amended Complaint is because he cannot truthfully plead them.  As George Almaliky's attached declaration makes clear, the Agency has never had any communications, oral or written, with Plaintiff, nor has it entered into any contracts with Plaintiff. Ex. 4, George Almaliky Decl. ¶¶ 4-5. Accordingly, Plaintiff has no colorable claim for negligent misrepresentation against the Agency.

### 4.     *Plaintiff Has Not Alleged a Colorable Claim for Unjust Enrichment Against Defendant Agency.*

29.     Plaintiff also purports to allege a claim for unjust enrichment but alleges only that *State Farm* "has been unjustly enriched in retaining revenues…" Am. Compl. ¶ 48 (emphasis added). Plaintiff does not appear to bring this claim against the Agency—nor could he do so.

30.     To state a colorable claim for unjust enrichment under Michigan law, Plaintiff must plead "(1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Bellevue Ventures, Inc. v. Morang-Kelly Inv., Inc.*, 302 Mich. App. 59, 64, 836 N.W.2d 898, 901 (2013).

31.     Here, however, Plaintiff does not allege that the Agency received ***any*** benefit from Plaintiff. And, in fact, as George Almaliky's declaration makes clear, the two have never met or even communicated with one another, let alone contracted. *See* Ex. 4 at ¶¶ 4-5. Indeed, Plaintiff makes no allegations against the Agency at all under this count. For these reasons, Plaintiff has not alleged a colorable claim against the Agency for unjust enrichment.

### 5.     *Plaintiff Has Not Alleged a Colorable Claim for Fraud Against Defendant Agency.*

32.     Finally, Plaintiff purports to bring a claim for fraud, alleging that State Farm represented to Plaintiff that Plaintiff was an occupant of a vehicle with a valid insurance policy. Ex. 2, Am. Compl. ¶ 51. Setting aside the fact that this conclusory allegation against State Farm is entirely implausible, Plaintiff's allegations clearly do not state a viable claim for fraud against the Agency.

33.     Under Michigan law, fraud requires Plaintiff to plead and prove "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge

of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Prime Rate Premium Fin. Corp. v. Larson*, 226 F. Supp. 3d 858, 868 (E.D. Mich. 2016) (internal citations omitted).

34.    A case of "silent fraud" or fraudulent concealment under Michigan law requires the Plaintiff to plead and ultimately prove the suppression of a material fact when there exists a legal or equitable duty of disclosure. *Roberts v. Saffell*, 280 Mich. App. 397, 403–04, 760 N.W.2d 715, 719–20 (2008), *aff'd,* 483 Mich. 1089, 766 N.W.2d 288 (2009). Proving silent fraud "requires more than proving that the seller was aware of and failed to disclose a hidden defect," however, instead requiring "some type of representation by words or actions that was false or misleading and was intended to deceive." *Id.*

35.    As with his purported claim for negligent misrepresentation, Plaintiff makes no allegations against the Agency under this count. He does not plead that the Agency made a material misrepresentation, or that it was false, or that the Agency knew it was false when made or that it was made recklessly, or that any such statement was made by the Agency with the intention that Plaintiff act on it, or that Plaintiff otherwise reasonably relied on anything the Agency said, or that there was any legal or equitable duty of disclosure much less a breach of one, or that the Agency had any intent to deceive. Again, Plaintiff has not made these assertions

because he cannot do so truthfully, as he has never had any communications with the Agency. Ex. 4, George Almaliky Decl., ¶ 5. For these reasons, Plaintiff has no colorable claim for fraud against the Agency.

36.     In sum, because Plaintiff has no reasonable basis for a claim against the Agency, the Agency's citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). Once that is done, there is complete diversity of citizenship between Plaintiff and Defendant State Farm.

**B.     The Amount in Controversy Exceeds $75,000.**

37.     While State Farm denies any and all liability to Plaintiff, and that Plaintiff is entitled to any of the relief he seeks, it is clear that the amount in controversy in this matter exceeds $75,000. *See Davis v. Kindred Nursing Ctrs. E., LLC.*, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

38.     A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 88-89.

39.    "A court must conduct a fair reading of the allegations in the complaint to determine the amount in controversy." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (citation omitted). "[A]s long as the amount-in-controversy requirement is satisfied at the time Plaintiff brought [her] complaint, and in light of the claims and allegations set forth in Plaintiff's complaint, diversity jurisdiction is proper upon the filing of the complaint and thereafter." *Lopez v. Capitol Bancorp LTD.*, 2010 WL 1758238, at *2 (W.D. Mich. Apr. 30, 2010).

40.    In this case, based on the allegations made in Plaintiff's Amended Complaint and the attachments thereto, the amount in controversy for Plaintiff's claim alone plainly exceeds the $75,000 jurisdictional limit.

41.    Specifically, Plaintiff has requested relief in the form of monetary damages and asks the court to award punitive damages and attorney fees. At a minimum, attorneys' fees are properly included in the amount-in-controversy for purposes of ascertaining jurisdiction. *See ABCS Troy, LLC v. Loancraft, LLC,* 337 Mich.App. 125, 135-136, 972 N.W.2d 317 (2021); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168-1169, (6th Cir. 1975). Moreover, Plaintiff has alleged in his related declaratory judgment action against State Farm (which he attached to the Amended Complaint) that his damages exceed $250,000. *See* Ex. 5 at ¶9 (Case No. 23-005104-CK).

42.   The $75,000 amount-in-controversy requirement is satisfied based on these allegations.

**C.   The Court has Supplemental Jurisdiction Over the Class Claims.**

43.   Because Plaintiff's claims satisfy the requirements of 28 U.S.C. 1332(a), this Court may exercise supplemental jurisdiction over the class allegations. *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

**D.   Defendant Agency Consents to Removal.**

44.   Though the Agency is not "properly joined," it nonetheless has indicated that it consents to removal of this case to this Court. Ex. 4, George Almaliky Decl., ¶ 6; *see* 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

45.   Accordingly, removal of the Plaintiff's Amended Complaint to this United States District pursuant to 28 U.S.C. § 1441 and 1446 is proper because diversity of citizenship exists and the amount in controversy exceeds $75,000,

exclusive of interest and costs. Thus, this Court has original jurisdiction over all claims under 28 U.S.C. 1332(a).

## V.   THIS COURT ALSO MAY WELL HAVE SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

46.    Although State Farm has properly removed this case pursuant to 28 U.S.C. § 1332(a), this Court also may well have jurisdiction over this matter under CAFA. Pursuant to CAFA, this Court has jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (6).

### A.   Minimal Diversity Exists Under CAFA.

47.    Plaintiff alleges he is a citizen and resident of Dearborn, Michigan. Ex. 2, Am. Compl., p. 1 ¶ 1.

48.    State Farm is a mutual insurance company organized and existing under the laws of Illinois, and it maintains its principal place of business in Illinois. State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

49.    The above allegations are sufficient to satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

**B.      The Putative Class Size Requirement Under CAFA is Sufficiently
Satisfied For Purposes of Removal.**

50.      Although State Farm denies that any class action could be maintained

in this case, Plaintiff's allegations demonstrate that more than 100 members may

potentially fall within the scope of Plaintiff's proposed class.

51.      Plaintiff seeks to represent a putative class that he has defined as

follows:

> All persons in the State of Michigan who were injured by a vehicle
> insured by State Farm at any time since July 4, 2020 and where the
> insurance was later rescinded because State Farm decided that the
> insurance is no longer valid as the insured and titled owner do not
> match.

Ex. 2, Am. Compl., ¶ 13.

52.      Plaintiff further alleges that the proposed class includes all "[i]njured

parties" regardless of where the injury took place. *Id.* ¶ 8 (describing "injured

parties" as those "who were occupants or involved in vehicles insured by Defendant

State Farm and who reside in the state of Michigan, who may have purchased

insurance and paid premiums, while the vehicle they purchased were titled in another

individuals [sic] name belong to the class that Plaintiff seeks to address."). This

would conceivably include injured persons who reside in Michigan but who were

injured in a collision involving a State Farm insured vehicle anywhere in the United

States.

53.     Plaintiff affirmatively asserts in the Amended Complaint that members of the putative class are "so numerous that the individual joinder of all its members is impracticable." Ex. 2, Am. Compl., ¶ 15. By his numerosity allegations, Plaintiff apparently presumes his proposed class would satisfy CAFA's 100-member threshold.

54.     Consistent with Plaintiff's allegations, State Farm also alleges that there are potentially more than 100 members of Plaintiff's asserted class, based on State Farm's preliminary assessment.

55.     The foregoing allegations show that CAFA's class-size requirement is sufficiently satisfied for purposes of removal.

**C.     CAFA's Amount-in-Controversy Requirement is Also Satisfied.**

56.     Finally, State Farm further alleges that the proposed class claims asserted in the Amended Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C §1332(d)(6).

57.     Though State Farm denies any and all liability to Plaintiff and any putative class members, and denies that a class action could be maintained, based on Plaintiff's allegations, the amount in controversy on a class-wide basis in this case plausibly exceeds $5 million. Specifically, Plaintiff demands compensatory and punitive damages on behalf of himself and the asserted class, as well as an additional award for attorneys' fees and costs. *See* Ex. 2, Am. Compl., at Prayer for Relief. For

reference, Plaintiff alone has individually demanded $250,000—the upper limit of State Farm's issued policy—just for the injuries he sustained. *See* Ex. 5 at ¶9 (Case No. 23-005104-CK). If only 20 of the minimum 100 class members under CAFA, as alleged herein by State Farm, requested the same amount for similar injuries, the total classwide compensatory damages sought would exceed $5,000,000, before a possible award of attorneys' fees even applied.

58.     Under this standard, therefore, Plaintiff's proposed class claims and pleas for class relief would place more than $5,000,000 in controversy.

## VI.     THIS NOTICE OF REMOVAL IS NOT AN ADMISSION OF DAMAGES OR LIABILITY.

59.     Nothing in this Notice of Removal is a concession by State Farm that Plaintiff has incurred damages or an admission of liability. As a matter of law, a removing party may argue that, *assuming* the plaintiff succeeds on the merits, the amount-in-controversy would be over the jurisdictional threshold while continuing to deny liability. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). Similarly, the "fact that [a] Defendant removed [a] case does not mean that [the] Defendant concedes that [the] Plaintiff has adequately alleged appropriate damages." *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) (citation omitted). It follows that "[t]his Court's exercise of subject matter jurisdiction over

-19-

Plaintiff's claims does not automatically imply that Plaintiff has stated a claim upon which the Court can grant relief." *Key*, 454 F. Supp. 2d at 691 (granting motion to dismiss after granting removal because plaintiff did not allege viable claim).

## VII. THE DEADLINE TO FILE A RESPONSE TO THE AMENDED COMPLAINT.

60.     Because this case is now removed to federal court, pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, State Farm's response to the Amended Complaint is due at the earliest seven days after this Notice of Removal is filed.

## **CONCLUSION**

For the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise jurisdiction over this action.

Respectfully submitted,


Dated:  August 8, 2023                     */s/ Matthew Kennison*
                                           Matthew P. Kennison (P79653)
                                           Riley Safer Holmes & Cancila LLP
                                           121 W. Washington Street, Suite 402
                                           Ann Arbor, Michigan 48104
                                           Telephone:  734.773.4911
                                           mkennison@rshc-law.com

                                           Joseph A. Cancila, Jr.
                                           Jake Kahn (admission forthcoming)
                                           Riley Safer Holmes & Cancila LLP
                                           70 W. Madison Street, Suite 2900
                                           Chicago, IL 60602
                                           (312) 471-8700

jcancila@rshc-law.com
jkahn@rshc-law.com

Patrick Lannen
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 901-4027
Email: plannen@plunkettcooney.com

*Attorneys for State Farm Mutual*
*Automobile Insurance Company*

-21-